Care, J.
I can see no good ground for dissolving the injunction. The appellee’s counsel placed it solely on the ground of fraud, because the slaves were bought *193 in part with money borrowed from the administrator. But how was the estate or the creditors of it injured by this ? The intestate M’Daniel had made a mortgage of his slaves in his lifetime: this is admitted to have been fair. The sale under it by the trustee, was also regular, and the slaves sold, I should think, very well; seven for 4420 dollars; averaging 631 dollars, though three of the seven were women. The estate then lost nothing by the sale. Did it lose by the loan of the money ? Not that I can see. The administrator certainly had that power. The estate was credited for the money in account with him; it had the same fund to pay the debts, and that fund at interest. According to the average of the sales, the 920 dollars would not have bought more than one slave and a half; the others were clearly bought with the money of William Whitton. How, then, could this vitiate the whole case ? If this had not been the father who bought, and the brother of the intestate’s widow who was administrator, the idea of fraud would never have entered into the imagination of any body: and yet these facts do not constitute fraud, though in a doubtful and suspicious transaction, they would be circumstances of weight. There is not a doubt that the father bought for the benefit of his child. Who can blame him, if, in saving her from want, he practised no wrong upon any body, but gave a fair and full price for the slaves r We see that he borrowed money from others, and no doubt has repaid them. I think the decree should be reversed, and the injunction reinstated.
Brockehbrough and Cabell, J. concurred.
Tucker, P.
I am clearly of opinion, that the dissolution of the injunction is not to be sustained, upon any principle whatever. I concur with the appellant’s counsel, that the doctrine of fraud per se has no application *194 to the case, and that there is no difficulty on the question of jurisdiction. I am further of opinion, that there is no fraud or improper conduct on the part of the appellant’s intestate, which ought to exclude him from relief, or subject his property to the execution of the creditors of M’ Daniel, or convert his purchase into a trust for their benefit. Although a confederacy between the administrator of M’Daniel and William Whitton, for the purchase, with JM’Daniel’s money, of the incumbered slaves for the benefit of his estate, might have been fraudulent as to his creditors 3 yet a loan of the money of the estate by the administrator bona fide, to enable him to purchase them, for his own use and as his own property, or for the .use of his daughter, would not have been necessarily fraudulent; though if the estate was involved, such a loan would have been imprudent on the part of the administrator, and would'have subjected him to an action of devastavit by a creditor. By such loan, William Whitton became, debtor either to the administrator himself, or to the estate; and the administrator himself became at once chargeable with and liable for the amount, to the creditors of the estate. If the loan had not been made, the' creditor could only have reached the fund by action against the administrator. It was not competent to him to reach the.equity of redemption in these slaves, if they had remained unsold, it being now the settled law that such an interest cannot be reached by execution. The creditor thus has no pretence for complaint, that he has been injured by William Whitton, whatever reason he may have to complain of the administrator; and even as to him, there is no evidence, that at the time of the loan, he was aware of Terry’s demand, which had not then been prosecuted to judgment and execution. The money having been borrowed by Whitton for his own use, it ceased to be, in his hands, the'money óf M’Daniel’s estate; and the purchase did not therefore créate a resulting trust for *195 the benefit of that estate; but the property became absolutely his own, he being debtor to the administrator, or to the estate, to the amount of the loan. The very high price given for the slaves, and the fact that Whit-ton, a moneyed man, borrowed from other quarters also, and paid up the amount of his purchase, afford assurance of the fairness of the transaction; which is further confirmed by its being frankly avowed, and by the fact that the administrator charged himself with the amount of the money loaned. And as there was no fraud,—as Whitton purchased the property, either with his own funds, or with moneys lent to him and which he was responsible to pay,—the property was absolutely his, and was not subject to the execution of a creditor of Daniel. The injunction, therefore, ought not to have been dissolved in the present aspect of the case; and the decree should, therefore, be reversed, the injunction reinstated, and the cause further proceeded in to a final hearing.
Decree reversed, and injunction reinstated.